IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Phillip S. Figa

Civil Action No. 05-cv-01787-PSF-MJW

SAMMIE MORRISON,

     Plaintiff,

v.

EQUITY RESIDENTIAL PROPERTIES WOODRIDGE APTS,

     Defendant.

---

## ORDER ON PENDING MOTIONS

---

## I. INTRODUCTION

     This matter comes before the Court on two motion to dismiss filed by defendant.
On December 6, 2005, defendant filed its first Motion to Dismiss plaintiff's complaint
(Dkt. # 9). This motion asserts that plaintiff's *pro se* complaint under Title VII, 42
U.S.C. 2000e *et seq.*, and the Americans with Disabilities Act ("ADA"), 42 U.S.C. §
12101 *et seq.*, was not filed within 90 days of plaintiff's receipt of the EEOC Notice of
right to sue as required by 42 U.S.C. § 2000e-5. At the time the motion was filed,
plaintiff was appearing *pro se* and the motion was referred to the Magistrate Judge for
recommendation (Dkt. # 10).

     On December 23, 2005, counsel appeared for plaintiff and filed a response in
opposition to the motion to dismiss. On December 29, 2005, plaintiff filed a motion for

leave to file an amended complaint, which was allowed by order entered that same day. On February 6, 2006, defendant filed a Motion to Dismiss the Amended Complaint (Dkt. # 29), and on February 7, 2006 defendant filed an Amended Motion to Dismiss the Amended Complaint (Dkt. # 31). These latter motions are not truly motions seeking to dismiss the plaintiff's Amended Complaint, but rather seek to compel arbitration pursuant to plaintiff's written employment agreement.

On February 8, 2006, the Court entered an Amended Order of Reference (Dkt. # 33) referring all matters other than dispositive motions to the Magistrate Judge, effectively withdrawing an earlier reference to the Magistrate Judge for recommendations on dispositive motions, including the motions to dismiss. On March 27, 2006, plaintiff filed his response in opposition to defendant's Amended Motion to Dismiss Amended Complaint (Dkt. # 40). On April 21, 2006, defendant filed its reply brief in support of its Amended Motion to Dismiss Amended Complaint (Dkt. # 45).

The two motions to dismiss are ripe for determination. The Court finds that oral argument would not provide material assistance to that determination. For the reasons set forth below, defendant's Motion to Dismiss (Dkt. # 9) is GRANTED and defendant's Amended Motion to Dismiss Amended Complaint (Dkt. # 31) is also GRANTED, leaving plaintiff with possible recourse through arbitration.

Plaintiff's *pro se* complaint alleged that he was discriminated against on the basis of race and disability when he was discharged by defendant. He alleges that he filed a charge of discrimination with the EEOC on March 10, 2004, and received a right to sue letter on May 23, 2005 (Complaint at 2). His Amended Complaint (Dkt. # 18),

2

filed by counsel, plaintiff alleges that he received a right to sue letter on or about May

25, 2005 (Amended Complaint at ¶ 11).

As noted above, defendant's first motion to dismiss requests dismissal of

plaintiff's original complaint on the grounds that it was filed on September 15, 2005,

more than 90 days after plaintiff received the notice of right to sue.  Under 42 U.S.C.

2000e-5(f)(1), civil actions under Title VII must be filed within 90 days of receipt of such

notice.  Under 42 U.S.C. § 12117(a) the procedures set forth in 42 U.S.C. § 2000e-5

are made applicable to claims brought under the ADA.  The plaintiff's original

handwritten complaint bears the Clerk of Court's file stamped date of September 15,

2005.

As noted, plaintiff filed an Amended Complaint after this motion to dismiss was

filed, and although defendant filed an Amended Motion to Dismiss the Amended

Complaint, it did not specifically reassert the failure to timely file as grounds for

dismissal.  Nonetheless, the Court may consider the motion as being addressed to the

amended pleading to the extent defects raised in the motion remain in the amended

pleading.  *See Koch v. United States,* 822 F. Supp. 1517, 1518 (D. Colo. 1993).

Moreover, plaintiff has filed a substantive response to the motion to dismiss. Thus, the

Court will address the grounds asserted in the original Motion to Dismiss (Dkt. # 9).

## II.  THE MOTION TO DISMISS THE ORIGINAL COMPLAINT

Plaintiff's response argues that plaintiff did not receive the notice of right to sue

on May 23, 2005, despite what was stated in his complaint.  It further asserts that even

if plaintiff did receive the notice of right to sue on May 23, 2005, plaintiff "commenced"

this action on August 23, 2005, by filing a motion and affidavit for leave to proceed *in forma pauperis* and tendering his complaint for filing on that date (Plaintiff's Response at 1).  Plaintiff contends this filing occurred within 90 days of receiving the notice and meets the requirements of the statute.  If plaintiff's factual scenario is accurate, then the complaint was timely filed, for as the Tenth Circuit stated in *Jarrett v. US Sprint Communications Co.*, 22 F.3d 256, 259 (10th Cir.), *cert. denied,* 513 U.S. 951 (1994), "the statute of limitation is tolled while the IFP is pending."

Attached to Plaintiff's Response is plaintiff's affidavit in which he states that he "filled out papers" at the court on August 23, 2005, and gave the clerk copies of the EEOC charge and notice of right to sue (Affidavit of Morrison, Exhibit A to Plaintiff's Response, ¶ 17).  Plaintiff attaches to his affidavit, as Exhibit C to the Response, a file stamped copy of a form titled "Motion and Affidavit For Leave to Proceed Pursuant to 28 U.S.C. § 1915."  He appears to attest that these papers were submitted to an employee of the Clerk's Office on August 23, 2005.

However, the form titled "Motion and Affidavit For Leave to Proceed Pursuant to 28 U.S.C. § 1915" attached to plaintiff's affidavit, as well as the original of that form in the Court's file, bears a clerk's file stamp date of September 7, 2005.  Plaintiff suggests the delay between the day he appeared at the clerk's office (August 23, 2005) and the file stamped date on the *in forma pauperis* motion (September 7, 2005) was caused because these documents were not promptly scanned into the Court's ECF system.

The Court rejects plaintiff's assertion.  It is the Court's understanding that the practice of the Clerk of this Court is to file stamp motions for *in forma pauperis* status

4

on the date they are received.  A complaint tendered with a motion for *in forma pauperis* status is stamped "received" and dated on the date it is tendered.  Plaintiff's handwritten, *pro se* complaint bears the received date of September 7, 2005, not August 23, 2005.  If an *in forma pauperis* motion is granted, as was the case here, the pleading is then filed as of the date the motion is granted.  But as held in *Jarrett, supra*, the 90-day period is tolled until the IFP motion is ruled on.

In the plaintiff's case, the CM/ECF record kept by the Court shows that plaintiff's *in forma pauperis* motion was filed September 7, 2005, not August 23, 2005.  The tendered *pro se* complaint is date stamped received on September 7, 2005.  The motion was granted by order entered September 15, 2005, and plaintiff's complaint was deemed filed as of that date.  Thus, despite plaintiff's affidavit, the Court's record reflects that the first filing made by plaintiff in this case was not made on August 23, 2005, but rather on September 7, 2005.  That date is more than 90 days after plaintiff received the notice of right to sue on May 23, 2005.

Plaintiff also states in his response that he was in error when he pled in his *pro se* complaint that the EEOC notice was received on May 23, 2005, since the notice was dated that date and the mailed copy could not have reached him the same day (Plaintiff's Response at 2).  As the court stated in *Witt v. Roadway Express,* 136 F.3d 1424, 1429 (10th Cir.), *cert. denied*, 525 U.S. 881 (1998),  "[u]nder 42 U.S.C. § 2000e-5(f)(1), a complainant has ninety days in which to file suit after receipt of an EEOC right-to-sue letter."  Plaintiff suggests through his affidavit, that his moving several times in the months prior to the mailing of the notice of right to sue caused

5

delay in its delivery, although he does not state an alternative date of receipt (Affidavit of Morrison, ¶¶ 3-9).  Where a plaintiff makes a credible case that the rebuttable presumption of timely delivery of the notice of right to sue should not apply, it may be appropriate for the court to hold an evidentiary hearing on the matter.  *See Issa v. Comp USA*, 354 F.3d 1174, 1178-79 (10th Cir. 2003).  Here, the Court finds no need for a hearing on this issue.

The Court first notes that even in his Amended Complaint, filed after the response, plaintiff alleges that he received the EEOC notice "on or about May 25, 2005." (Amended Complaint at ¶ 11).  Moreover, the Supreme Court has stated that in a Title VII case the presumed date of receipt is governed by F.R.Civ.P. 6(e), which allows three additional days after mailing.  See *Baldwin County Welcome Center v. Brown,* 466 U.S. 147, 148 n.1 (1984).  In the instant case, that would be May 26, 2005, and 90 days after that date would be Wednesday, August 24, 2005.  Further, plaintiff attaches to his affidavit a letter from his attorney forwarding the notice of right to sue on May 25, 2005, and telling plaintiff in no uncertain terms that he must file suit by August 23, 2005 (Exhibit B to Plaintiff's Response).  Plaintiff acknowledges receiving this letter and being advised that August 23, 2005 was his last day to file (Morrison Affidavit, ¶ 10).

Accordingly, there are no grounds demonstrated here for equitable tolling of the 90-day period beyond August 24, 2005, at the latest.  Because plaintiff has not demonstrated that he filed anything with the Court prior to September 7, 2005, and that date is 90 days after even May 26, 2005, the day he presumptively received the EEOC

notice, his filing is untimely and his Title VII complaint is subject to dismissal.

However, for the reasons discussed below, dismissal of plaintiff's Title VII and ADA claims does not leave him without a remedy against the defendant.

## III.  THE AMENDED MOTION TO DISMISS AMENDED COMPLAINT (DKT. # 31)

Defendant's Amended Motion to Dismiss Amended Complaint contends that plaintiff's claims are subject to arbitration pursuant to a written agreement he signed on August 23, 2002 providing for binding arbitration of employment related disputes, including those arising under Title VII and the ADA (Exhibit 1 to Defendant's Amended Motion).  Although this request to compel arbitration could be considered mooted given the above ruling, the Court has considered whether it should address this motion in the alternative, since the failure to file a case within 90 days of receiving a notice of right to sue is not a jurisdictional prerequisite, and the above ruling does not deprive the Court of jurisdiction over this case.  *See Biester v. Midwest Health Services, Inc.*, 77 F.3d 1264, 1267 (10th Cir. 1996), *Jarrett, supra*, 22 F.3d at 259-60.

Plaintiff argues in his response to the Amended Motion to Dismiss that he reluctantly signed the written agreement, and further argues that the mandatory arbitration provision does not apply to him because he was not an "applicant" for a position at the time he signed the agreement (Plaintiff's Response at 3).  He also argues that enforcement of the agreement will be contrary to public policy (*id.* at 4).

The Court does not necessarily agree with plaintiff that his claims are not subject to arbitration, as the essence of plaintiff's agreement is that he will be bound by the "arbitration policy" attached thereto.  Moreover, plaintiff does not allege any grounds to

7

invalidate this agreement in whole, such as fraud, and he offers no evidence to support his assertion that he signed it unwillingly.  In addition, the Court notes that the arbitration policy expressly provides for arbitration of a variety of employment claims, including termination and post-employment conduct, and expressly includes claims arising under Title VII and the ADA, which are the claims plaintiff asserts in his Amended Complaint.

Under these facts, the Court finds that arbitration of plaintiff's claims appears to be appropriate.  However, while plaintiff may have a right to pursue his claims in arbitration, this Court will not compel him to do so over his own objection.  The Court also assumes that defendant does not desire to be compelled to arbitrate if plaintiff does not wish to pursue his claims.  Upon dismissal of this case, plaintiff may decide if he wishes to pursue the arbitration that the defendant seeks to compel.  If plaintiff pursues any remedies he may have under the arbitration agreement, the arbitrator(s) have authority to determine the arbitrability of the issues presented (*see Buckeye Check Cashing, Inc. v. Cardegna,* 126 S. Ct. 1204, 1209-10 (U.S., Feb. 21, 2006)), and decide the effect, if any, of plaintiff's tardy filing of this lawsuit on his possible recovery.

**CONCLUSION**

Defendant's Motion to Dismiss plaintiff's complaint (Dkt. # 9) is GRANTED.

Defendant's Motion to Dismiss Amended Complaint (Dkt. # 29) is DENIED as Moot in light of the filing of the Amended Motion to Dismiss Amended Complaint (Dkt. 31).

Defendant's Amended Motion to Dismiss Amended Complaint (Dkt. # 31) is

GRANTED, and the parties are directed to arbitrate their dispute pursuant to the

parties' arbitration agreement signed by plaintiff and dated August 23, 2002 if plaintiff

so demands.

DATED: May 30, 2006

BY THE COURT:

*s: Phillip S. Figa*

_____

Phillip S. Figa
United States District Judge